## ACCORDINO v McKAY

Ohio Appeals, 7th Dist, Mahoning Co

No 2257. Decided November, 1935

Floyd W. Schesler, Youngstown, and Lewis & Levin, Youngstown, for plaintiff in error.

Charles F. Scanlon, Akron, for defendant in error.

## OPINION

By ROBERTS, J.

This cause is in this court upon a petition in error, seeking a reversal of the judgment of the Court of Common Pleas, rendered by that court upon a verdict returned for the defendant in the lower court, the parties occupying the same positions in the trial in each court.

On the 29th day of December, 1933, plaintiff, Accordino, was operating his automobile in an easterly direction on West Front Street in the City of Youngstown. At the same time the defendant, McKay, was operating his automobile in a westerly direction on said street, and a collision occurred between these two cars. The testimony of the plaintiff, briefly stated was substantially as follows: That he approached a point where he intended to turn to the left into an alley and then into a parking place; that he was proceeding contiguous to the curb on the right hand or southerly side of Front Street, and then turned his car partially across the street to gain access to the alley. He claims that the front end of his car was only about in the middle of the street. The accident occurred in the day time, and he further claims that McKay had a view of the plaintiff's car for a long distance, with ample time to have stopped, and that McKay, as claimed by the plaintiff, deviated from his right hand side of the street and crashed into plaintiff's car, causing the damages of which the plaintiff complains. The defendant, on the other hand, claims that as these cars approached each other, the pavement being somewhat icy, the car of the plaintiff commenced to skid and skidded across West Front Street, so that the defendant was not able to pass the plaintiff's car on the right hand side or have an opportunity to turn to the left and avoid a collision. The defendant's testimony indicates that the defendant saw the plaintiff's car for a considerable distance before the collision occurred. The jury returned a verdict for the defendant.

No reversible error is complained of in this case except relating to the instructions of the court to the jury. The trial judge, evidently of his own initiative, instructed the jury with regard to §6310-22 GC, to the effect that "drivers of vehicles before turning, stopping or changing their course, shall make sure such movement can be made in safety, and shall cause signal to be made of their intention in a way visible outside of the vehicle." The court further said, following this quotation:

"Now such statute applies to the conduct of Mr. Accordino, and if you find from investigation of the evidence in this case that he has failed to keep the performance of his duty that is prescribed and subscribed in the statute then he would be found guilty of negligence, etc."

This court is of the opinion that this quotation from the statute in these instructions had no proper place in the charge of the court. According to the story of the plaintiff, a considerable time before the defendant appeared upon the scene he had partially turned his car to the north and was waiting for passing traffic for an opportunity to drive northerly into the alley. If this story be true, the defendant, McKay, saw the plaintiff there and was not entitled to a warning of anything that he already knew. According to the story of McKay, however, the plaintiff's car suddenly skidded and continued to skid, and before it ceased to so do it had crossed the street in front of McKay. According to the story of the defendant then, the plaintiff had no opportunity to give a signal before it made a skid of which he had no previous notice.

This would be considered reversible error if it were not for the so-called "two issue rule." Referring to the case of Knisely v Community Traction Company, 125 Oh St, 131, the first paragraph of the syllabus reads:

"In a suit to recover damages for personal injuries on the ground of negligence, allegation of defendant's negligence in the petition, and the allegation of plaintiff's contributory negligence in the answer, constitute separate and distinct issues to which the so-called two issue rule, as defined in Sites v Haverstick, 23 Oh St, 626, and subsequent cases, has full application."

In this case the plaintiff, of course, alleged negligence of the defendant in his petition, and the defendant in his answer alleged contributory negligence of the plaintiff. Generally speaking, the defendant would be entitled to a verdict if the jury found that he was not guilty of negligence or found that the plaintiff was guilty of contributory negligence. In this case the verdict was not tested by interrogatories, so it can not be known upon which of these two propositions the jury based its verdict. By finding for the defendant the jury may have found that the defendant was not guilty of negligence. That being true, it is unimportant so far as the issue is concerned, whether the plaintiff was guilty of contributory negligence or not. Applying this rule, the erroneous instruction of the court becomes unimportant. The erroneous instruction applied only to the duty of the plaintiff.

Some complaint is made by counsel for the plaintiff in error that the trial court, as a result of the manner of the instructions given, favored the defendant. We do not think this contention to be well founded. Had the verdict been otherwise, there are matters which appear in these instructions of which the defendant might, with justification, have complained.

Counsel for the plaintiff further complain of the court relating in some detail to the jury his purchase of a pair of spectacles at a ten cent store, and again told the story of his uncle's bankruptcy cases. These matters had no proper place in the instructions. They tended somewhat to flippancy and might give the jury an idea of lessened value of importance of the contention in this case. In this connection it might be suggested that the record in this case is short. There was but little testimony beside that of the parties. Seventeen long pages were devoted to instructions to the jury, an unnecessary length, the natural tendency of which was to confuse the jury. The jury can better understand and retain in memory the instructions of the court if they are not unnecessarily redundant but are clear and concise. However, the instructions in this case are not noticeable as being unusual but this is not reversible error and for the reason hereinbefore suggested the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.